# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANDREW WALTON, | ) | |
| | ) | |
| Plaintiff-Below/Appellant, | ) | |
| | ) | |
| v. | ) | N23A-02-008 FWW |
| | ) | |
| ACCURATE MACHINE, and | ) | |
| JIM ROWE, | ) | |
| | ) | |
| Defendants-Below/Appellees | ) | |

Submitted: February 2, 2024
Decided: February 6, 2024

*Upon the Motion to Dismiss Appeal of Defendants-Below/Appellees Accurate Machine and Jim Rowe,*
**DENIED.**

## ORDER

Josiah R. Wolcott, Esquire, CONNOLLY GALLAGHER, LLP, 267 East Main Street, Newark, DE 19711, Attorney for Plaintiff-Below/Appellant Andrew Walton.

Steven R. Director, Esquire, BAYARD, P.A., 600 North King Street, Suite 400, Wilmington, Delaware 19801, Attorney for Defendant-Below/Appellees Accurate Machine and Jim Rowe.

**WHARTON, J.**

This 6th day of February 2024, upon consideration of the Motion to Dismiss Appeal of Defendants-Below/Appellees, Accurate Machine ("Accurate") and Jim Rowe ("Rowe") (collectively "Appellees"), the Response in Opposition of Plaintiff-Below/Appellant, Andrew Walton ("Walton"), and the record in this case, it appears to the Court that:

1.      Walton brings this appeal from an order of the Court of Common Pleas dismissing with prejudice on statute of limitations grounds his action in that court.[1] The case in the Court of Common Pleas was itself an appeal by Walton of an order from Justice of the Peace Court 13 also dismissing his complaint against Accurate Machine on statute of limitation grounds.[2]  Walton added Rowe as a defendant in the Court of Common Pleas.[3]  It appears that no party was represented by counsel in either court below.

2.      The Appellees, now represented by counsel, move to dismiss the appeal.[4]  They argue that, because the facts are uncontroverted and because the lower court properly applied the statutory limitations period under 10 *Del. C.* § 8106, this Court should dismiss the appeal pursuant to Superior Court Civil Rule 72(i) and affirm the decision of the Court of Common Pleas.[5]

---

[1] D.I. 1.
[2] *Id.*
[3] *Id.*
[4] Mot. to Dismiss, D.I. 12.
[5] *Id.*

3. Walton, also now with the assistance of counsel, opposes the motion. He argues that *contra* the Appellees, Rule 72(i) provides for dismissal of appeals only in limited circumstances, none of which is present here.[6] Further, he has meritorious arguments on both the facts and law to present on appeal.[7]

4. Superior Court Civil Rule 72 governs appeals from all courts from which an appeal may be had to the Superior Court.[8] Rule 72(i) provides that the Court may dismiss an appeal upon motion for: (1) untimely filing of an appeal; (2) appealing an unappealable interlocutory order; (3) failure of a party to diligently prosecute the appeal; (4) failure to comply with any rule, statute, or order; or (5) any other reason deemed by the Court to be appropriate.[9]

5. The Court finds none of the reasons Rule 72(i) provides for dismissing an appeal is present here. Appellees argue "The Court of Common Pleas properly applied Delaware law in dismissing Plaintiff's cause of action"[10] and "The Delaware Statute of Limitations, 10 <u>Del. C.</u> § 8106, bars Appellant's appeal, as previously determined by the Court of Common Pleas (and the Justice of the Peace Court)."[11] Appellees' reliance on the statute of limitations to bar this appeal is misplaced. That

---

[6] Resp. in Opp., D.I. 16.
[7] *Id.*
[8] Super. Ct. Civ. R. 72(a).
[9] Super. Ct. Civ. R. 72(i).
[10] Mot. to Dismiss at ₽ 3, D.I. 12.
[11] *Id.* at ₽ 5.

3

statute bars untimely civil actions but says nothing about barring appeals disputing whether it was correctly applied.[12]  Were the Court to agree with Appellees, it effectively would deprive Walton of his right to test the validity of the lower court's application of the statute of limitations.  In other words, the Appellees ask the Court to pre-emptively decide the merits of the appeal before it hears the merits of the appeal.  The Court will determine whether the Appellees are correct after all parties have had an opportunity to present their arguments.

**THERFORE,** the Motion to Dismiss Appeal of Defendants-Below/Appellees, Accurate Machine and Jim Rowe is **DENIED.**

A brief schedule shall issue.

**IT IS SO ORDERED.**

**/s/ Ferris W. Wharton**
Ferris W. Wharton, J.

---

[12] 10 *Del. C.* § 8106.